IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALICIA M. MURPHY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CIVIL CASE NO. 08-477-JPG-PMF ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security | ) ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff Alicia Murphy's motion for fees and costs pursuant to the Equal Access to Justice Act (Doc. No. 37). Murphy seeks fees in the sum of $3,604.00, calculated on an hourly rate adjusted in 2008 and 2010 to reflect cost of living increases, and costs of $400.00, for a total of $4,004.00. The motion is opposed. Defendant maintains that the defense position was substantially justified and that the fees requested by Murphy are excessive under the circumstances.

Under the EAJA, the prevailing party in litigation against the federal government is entitled to attorney's fees if: (1) the government's pre-litigation or litigation positions were not substantially justified; (2) no special circumstances exist that would make an award unjust; and (3) the request is timely filed with the district court. *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir.2006). The timeliness of Murphy's request and her status as a prevailing party are not in dispute.

### I. Background

In *Murphy v. Astrue*, Case No. 06-143-GPM, the Commissioner's June 30, 2005, decision was reversed because of an error in the ALJ's assessment of plaintiff's credibility. Several grounds for the ALJ's credibility assessment were reviewed. Some aspects of the review were resolved in favor of the Commissioner. The June 30, 2005, decision was reversed because the ALJ partially based the credibility assessment on an erroneous belief that Murphy's HIV infection had not advanced to a "full blown" case of AIDS. Murphy's case was remanded for further proceedings. On remand, the Appeals Council vacated the ALJ's June 30, 2005, decision and ordered a new decision. The new decision was reached on March 7, 2008.

Plaintiff filed this action for judicial review, challenging the credibility assessment supporting the ALJ's March 7, 2008, decision. The Commissioner defended plaintiff's challenge by suggesting that her arguments had been reviewed and rejected in the earlier review (Doc. No. 33). The Court found that the ALJ's new credibility assessment did not satisfy the same legal standard that had been outlined in Case No. 06-143. While Murphy's request for an award of benefits was denied, the Court suggested that it would be inclined to give that request strong consideration if Murphy's credibility was not evaluated in accordance with the applicable legal standard following the second remand (Doc. No. 34).

### II. Substantial Justification

Pursuant to the EAJA, fee awards are limited to circumstances in which the Commissioner's position is not substantially justified. 28 U.S.C. § 2412(d)(1)(A). In deciding whether the Commissioner's position in this case was substantially justified, the Court considers the positions take during this litigation and the pre-litigation conduct. *Marcus v. Shalala*, 17

F.3d 1033, 1036 (7th Cir.1994). The argument advanced by the Commissioner was substantially justified if the facts have a reasonable relationship to the legal theory advanced in support of the Commissioner's position. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2004).

The Commissioner suggests that the March 7, 2008, decision was properly defended on the basis that similar arguments had been made and rejected when the June 30, 2005, decision was reviewed and reversed in Case No. 06-143-GPM. That position was not well-supported by the procedural history of Murphy's case. The Court addressed the arguments without affirming the credibility assessment supporting the Commissioner's June 30, 2005, decision. After that decision was reversed, the Appeals Council vacated the decision and ordered a new decision. Before reaching a new decision, the ALJ scheduled another hearing and heard additional testimony. This chronology does not suggest that aspects of the June 30, 2005, rationale supported the new, March 7, 2008, decision.

Moreover, the Commissioner's position was not well-supported by a legal theory. No authority was cited in the Commissioner's brief (Doc. No. 33). In this District, the Commissioner had the obligation to address the arguments and assertions raised in plaintiff's brief. SDIL-LR 9.1(b)(5). The brief submitted did not discuss the legal authority presented in plaintiff's brief and did not address plaintiff's arguments that the ALJ failed to consider the entire record in assessing her credibility and failed to address in any meaningful way the requirements set forth in SSR 96-7 and the regulations.

The Commissioner points to the ALJ's efforts to develop the record following the first remand. The ALJ did consult Dr. Winkler regarding medical terminology and medical

references to side effects. The Court is not persuaded that these steps represent an effort to satisfy the legal standard for assessments of witness credibility.[1]

The Commissioner also suggests that the Court erred when it characterized the ALJ's second credibility assessment as supported by a "general reference" to medical reports. The Commissioner believes the ALJ made a specific assessment that plaintiff's HIV was under good control when she took medications. Any concerns regarding the February 10, 2010, Report and Recommendation would have been reviewed under a de novo standard had the Commissioner filed a timely objection to the R&R. No timely objection was filed. This invitation to scrutinize the R&R should be declined.

The Commissioner also suggests that the most recent reversal and remand was based on new law. The Court did rely, in part, on the Seventh Circuit's recent decision in *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009). Even so, the remand was based on the conclusion that the March 7, 2008, decision did not satisfy the legal standard for credibility assessments outlined in Social Security Ruling 96-7p. The *Terry* case did not alter that legal standard, which was well established when the Commissioner's final decision was made.

The Court has carefully evaluated the Commissioner's litigation position and prelitigation conduct and is not persuaded that the Commissioner's position was reasonably supported by the law and the facts and therefore substantially justified.

---

[1] In Case No. 06-143, the Commissioner admitted that the ALJ made an incorrect finding when he concluded that Murphy's HIV had not yet converted to full-blown AIDS. *Murphy v. Astrue*, Case No. 06-143-GPM, Doc. No. 19, p. 10. At the hearing, the ALJ questioned an expert regarding medical terminology. This evidence suggested that the term HIV might be used describe Murphy's ailment during the relevant period of time (R. 557-559).

### III.     Reasonableness of Fee Request

A "prevailing party" under the EAJA bears the burden of demonstrating that her fee request is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Court will exclude from the fee calculation hours that are excessive redundant or otherwise unnecessary. *Id*. At 434.

The Commissioner suggests that the fee request should be reduced because the decision to reverse and remand was based on a flaw in the proceedings discovered by the Court. It is noted that Murphy did not mention in her brief the reports prepared by Drs. Badahman and Ajao. The ALJ's failure to do a "thorough enough job" of evaluating those reports is identified as the primary reason for the decision to remand. This position misconstrues the decision in this case. The Court agreed with plaintiff's argument (raised on page 6 of her brief) that the ALJ assessed her credibility without considering the entire record, as required by the applicable legal standard. In particular, the  general reference to medical records submitted by Drs. Badahman and Ajao did not show that *other* evidence relevant to the credibility assessment (reports of symptoms, medical and third party reports, laboratory tests, hospitalization records, treatment efforts, reports describing restricted daily activities, and information suggesting that effective drug therapy might outweigh side effects) was considered and weighed.

Given the passage of time since the establishment of the $125 statutory rate in 1996, a cost-of-living adjustment is warranted. Accordingly, the proposed rate of $170 per hour for attorney hours spent between June, 2008 and March, 2010, should be approved.

## IV. Conclusion

IT IS RECOMMENDED that plaintiff's motion for an award of fees under the EAJA (Doc. No. 37) be GRANTED.  Because Ms. Murphy has assigned her right to collect the EAJA fee to her attorney, the Commissioner should be directed to pay the sum of $4,004.00 directly to plaintiff's attorney, James X. Bormes.

**SUBMITTED:   August 19, 2010**

      **S/ Philip M. Frazier**
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**